UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO LARA-CASTRO (A# 214-911-581),

            Petitioner,

        v.

TODD LYONS, et al.,

            Respondents.

No.  1:26-cv-01938 DAD SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  For the reasons set forth below, the undersigned recommends the petition be denied without prejudice.

I.      Factual and Procedural History

Petitioner is a national and citizen of Mexico who is currently detained at the Golden State Annex Detention Facility, within this judicial district.  ECF No. 1 at 3, ¶¶ 14, 16.  Petitioner was admitted into the United States on May 20, 2000, through a B2 border crossing visa, but overstayed his authorization.[1]  ECF No. 1 at 4, ¶ 30; ECF No. 10-1 at 3.  He has no criminal

---

[1]  The undersigned takes judicial notice of exhibits from petitioner's immigration record that respondents submitted with their answer.  See Dent v. Holder, 627 F.3d 365, 371 (9th Cir. 2010) (taking judicial notice of "official agency records" from a noncitizen's A-file).

1

history.  ECF No. 1 at 2, ¶ 3; ECF No. 1-3.  Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents on March 5, 2026, while appearing for an adjustment-of-status interview with U.S. Citizenship and Immigration Services ("USCIS") in Fresno.  ECF No. 1 at 2, ¶ 2; ECF No. 1-1.  Immigration officials issued petitioner a notice to appear and charged him as a non-immigrant visa overstay under 8 U.S.C. § 1227(a)(1)(B).  ECF No. 10-1 at 2.  On March 10, 2026, USCIS administratively closed petitioner's Form I-485 application because its jurisdiction over the application shifted to the Executive Office for Immigration Review (EOIR) following the commencement of removal proceedings.  ECF No. 10-2.

Petitioner filed the instant § 2241 petition on March 10, 2026, alleging that he is being held without a bond hearing in violation of Immigration and Nationality Act § 236 [8 U.S.C. § 1226].  ECF No. 1 at 7, ¶¶ 59-65.  Petitioner also asserts that his detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act ("APA").  Id. at 7-8.  He seeks his immediate release or, in the alternative, an individualized bond hearing before an immigration judge ("IJ") within seven days.  Id. at 8-9.

Respondents oppose the petition on administrative exhaustion grounds.  ECF No. 10.  Respondents acknowledge petitioner is detained under 8 U.S.C. § 1226(a) and has not received a bond hearing but argue petitioner has not requested one or otherwise explained how immigration officials are refusing to provide him with hearing before an IJ.  Id. at 3-4.  Because it is not clear whether petitioner has requested a bond hearing, "the Court should apply prudential exhaustion in this case and dismiss the petition without prejudice or stay the proceedings for Petitioner to exhaust the administrative remedy of a bond hearing to which he is eligible."  Id. at 4.

On reply, petitioner reiterates that he is "being detained without being afforded a hearing at all," ECF No. 11 at 2-3, but does not clarify whether he has requested a bond hearing before an IJ.  Petitioner seeks relief from prudential exhaustion based on futility and irreparable harm, emphasizing that "Respondents offer no assurance that Petitioner will receive a prompt bond hearing if required to pursue administrative remedies," and that "[r]equiring him to pursue administrative remedies would only prolong unlawful detention."  Id. at 3.

////

## II.    Legal Standards

### A.  8 U.S.C. § 1226(a)

The Supreme Court described the detention statute at issue in this case, 8 U.S.C. § 1226, in some detail in Jennings v. Rodriguez, 583 U.S. 281 (2018):

> Even once inside the United States, [noncitizens] do not have an absolute right to remain here. For example, a [noncitizen] present in the country may still be removed if he or she falls "within one or more ... classes of deportable [noncitizens]." [8 U.S.C.] § 1227(a). That includes [noncitizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission. See §§ 1227(a)(1), (2).
>
> Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal . . . Section 1226(a) sets out the default rule:  The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] 'pending a decision on whether the [non-citizen] is to be removed from the United States.' § 1226(a). 'Except as provided in subsection (c) of this section,' the Attorney General 'may release' [a non-citizen] detained under § 1226(a) 'on ...bond' or 'conditional parole.'

Jennings, 583 U.S. at 288 (2018).[2]  The Ninth Circuit has further explained: "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination.  The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'"  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)).  If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge "any time before an order [of removal] becomes final."  8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).

////

////

---

[2]  The undersigned changed "alien" to "non-citizen" in these passages.  This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years. See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.' " (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

3

### III.    Analysis

The undersigned recommends the petition be denied on its merits.[3]  For one, there does not appear to be a justiciable case or controversy regarding petitioner's eligibility for bond as both parties agree he is detained under 8 U.S.C. § 1226(a).  See Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1157 (9th Cir. 2007) ("As required by Article III, courts may adjudicate only actual cases or controversies.") (citing U.S. Const. art. III, § 2, cl.1).

Moreover, petitioner does not allege that he requested a bond hearing before an IJ and or that respondents have denied the request.  The ripeness doctrine prevents federal courts from prematurely deciding issues that are abstract, hypothetical, or speculative.  Flaxman v. Ferguson, 151 F.4th 1178, 1184 (9th Cir. 2025).  This doctrine is "'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction[.]'"  Project Veritas v. Schmidt, 125 F.4th 929, 941 (9th Cir. 2025) (quoting Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 808 (2003)).  Plaintiff's claim is speculative, and he has put forth no reason why such a request would be denied.  Even the BIA's decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216, which adopted DHS' reinterpretation of 8 U.S.C. § 1225(b)(2) as applicable to all noncitizens "present in the United States without being admitted or paroled," acknowledged § 1226(a) extends to noncitizens like petitioner deemed inadmissible under § 1227(a).  See Yajure Hurtado, 29 I. & N. Dec. 216, 219 (citing Jennings, 583 U.S. at 288).

Further, petitioner's apparent suggestion that § 1226(a) requires DHS or the IJ to sua sponte convene a bond hearing is not supported by the text of that statute and its implementing regulations.  See 8 C.F.R. § 1003.19(b) ("Application for an initial bond redetermination *by a respondent, or his or her attorney or representative*, may be made orally, in writing, or, at the discretion of the Immigration Judge, by telephone.") (emphasis added); 8 C.F.R. § 236.1(d)(1) (after the Attorney General's initial custody determination, "*the respondent may*, at any time before an order [of removal] becomes final, request amelioration of the conditions under which he

---

[3]  For this reason, the undersigned need not address respondent's prudential exhaustion arguments.  See Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (federal courts may bypass questions of procedural default to reach merits of petitioner's claims that are "easily resolvable against the habeas petitioner").

or she may be released.") (emphasis added); 8 C.F.R. § 1236.1(d)(1) (tracking § 236.1(d)(1), but as to "initial custody determination by the district director").  Petitioner does not argue that it is unlawful for a detained noncitizen to have to request the setting of a bond hearing with Immigration Court.[4]

For these reasons, the undersigned recommends that the petition be denied without prejudice.  As noted, petitioner may request that an IJ convene a bond hearing pursuant to 8 U.S.C. § 1226(a) and its implementing regulations.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Petitioner Roberto Lara-Castro's (A# 214-911-581) petition for writ of habeas corpus be DENIED without prejudice.

2.    The Clerk of the Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties

////

////

////

////

////

_____

[4]  Nor does petitioner allege any prior release at the government's discretion that may entitle him to a pre-deprivation hearing as a matter of due process.  See Chavarria v. Chestnut, No. 1:25-cv-1755 DAD AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (finding that revocation of petitioner's parole without notice and pre-deprivation hearing violated procedural due process).

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE