UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO LARA-CASTRO (A# 214-911-581),<br><br>        Petitioner,<br><br>   v.<br><br>TODD LYONS, et al.,<br><br>        Respondents. | No.  1:26-cv-01938 DAD SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I.      Factual and Procedural Background**

Petitioner filed his § 2241 petition on March 10, 2026, alleging, *inter alia*, that he was being held without bond in violation of 8 U.S.C. § 1226(a).  ECF No. 1 at 7, ¶¶ 59-65.  By way of relief, he sought immediate release or, in the alternative, an individualized bond hearing before an immigration judge ("IJ").  Id. at 8-9.  On April 21, 2026, the undersigned issued findings and recommendations that the petition be denied.  ECF No. 12.  There did not appear to be a justiciable case or controversy regarding Petitioner's eligibility for bond as both Parties agree he was subject to 8 U.S.C. § 1226(a).  Id. at 4.  The undersigned also determined that the action was unripe, as Petitioner had not yet requested and been denied a § 1226(a) bond hearing.  Id.

1

In his objections to the findings and recommendations, Petitioner informed the Court that he had since requested a custody redetermination hearing. ECF No. 14. In response, the undersigned directed the parties to file a joint status report regarding the outcome of the hearing. ECF No. 15. The Parties later informed the Court that an IJ granted Petitioner release on $10,000 bond and Petitioner was released on May 12, 2026. ECF No. 17. The undersigned then ordered Petitioner to show cause why the case should not be dismissed as moot or to file a joint stipulation for dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). ECF No. 18. Petitioner responded that dismissal was premature because he intends to pursue attorneys' fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF No. 19.

## II.    Analysis

Petitioner's desire to seek fees is not a valid reason to delay dismissal. "No Article III case or controversy is needed with regard to attorneys' fees . . . because they are but an ancillary matter over which the district court retains equitable jurisdiction even when the underlying case is moot." Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1329 (9th Cir. 1999); see also Cammermeyer v. Perry, 97 F.3d 1235, 1238 (9th Cir. 1996) ("[c]laims for attorneys fees ancillary to the case survive independently under the court's equitable jurisdiction, and may be heard even though the underlying case has become moot."). Thus, "[t]he existence of an attorneys' fees claim . . . does not resuscitate an otherwise moot controversy." M.M. v. Lafayette Sch. Dist., 767 F.3d 842, 857 (9th Cir. 2014) (quoting Cammermeyer, 97 F.3d at 1238)).

Accordingly, because Petitioner's release fully resolved the claims in his petition, his pending challenge to his immigration detention is moot. See Flores-Torres v. Mukasey, 548 F.3d 708, 710 (9th Cir.2008) (dismissing as moot part of habeas petition challenging detention without an individualized bond hearing after IJ held a bond hearing). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). A potential attorneys' fee motion is ancillary matter, and Petitioner has not identified any other reason why this case should proceed.

Petitioner's counsel's position on EAJA fees and mootness is also at odds with the threshold EAJA requirement that fees be available only to prevailing parties. Petitioner is not a prevailing party under EAJA because there is no federal court order in his favor. "To be a prevailing party, the party must have received an enforceable judgment on the merits or a court-ordered consent decree." *United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009). The petition should be denied as moot.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the findings and recommendations issued on April 21, 2026 (ECF No. 12) are VACATED.

In addition, IT IS HEREBY RECOMMENDED that Petitioner Roberto Lara-Castro's (also known as Roberto Castro-Lara, A# 214-911-581) petition for writ of habeas corpus (ECF No. 1) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE